UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DEON TERRELL SIMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case Nos. 1:06-cr-68 / 1:09-cv-114 |
| ) | Judge Edgar |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Federal prisoner Deon Terrell Sims moves pursuant to 28 U.S.C. § 2255 for post-conviction relief. [Court Doc. No. 145]. After reviewing the record, the Court concludes that the motion will be denied and dismissed with prejudice. The record conclusively shows that the motion is without merit and Sims is not entitled to any relief under § 2255. There are no material issues of fact in dispute and there is no need for an evidentiary hearing.

**I.      Facts and Procedural History**

On June 13, 2006, Sims and co-defendants Jeffrey T. Woods, Shannon, Vinson, and Vincent Bowling were charged in a nine-count indictment concerning their distribution of cocaine base (crack). Sims was charged in Counts One, Three, and Six.

Count One charged that Sims, Woods, Vinson, and Bowling conspired to violate 21 U.S.C. § 841(a)(1), that is, to distribute 50 grams or more of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 846. Count Three charged that Sims and Woods, aided and abetted by one another, distributed 5 grams of more of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance, in

1

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Count Six charged that Sims possessed with intent to distribute a mixture and substance containing cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Sims pleaded not guilty and the case went to a jury trial on January 24 - 25, 2007. On January 25, 2007, the jury returned its verdict. The jury found Sims not guilty on Count One. The jury found Sims guilty on Count Three and that the offense involved 5 grams of more of cocaine base (crack). On Count Six, the jury found Sims guilty of the lesser included offense of possession of cocaine base (crack) in violation of 21 U.S.C. § 844(a).

Sims made a motion for new trial under Fed. R. Crim. P. 33 arguing that the evidence presented at trial did not support the jury's verdict of guilty on Counts Three and Six. On April 3, 2007, this Court denied the motion for new trial. [Court Doc. No. 105]. *United States v. Sims*, 2007 WL 1054142 (E.D. Tenn. April 3, 2007).

The 2006 Sentencing Guidelines were applied in this case. Based upon the amount of crack cocaine involved, the base offense level was 26. The presentence investigation report (PSR) classified Sims as a career offender under U.S.S.G. § 4B1.1 with an offense level of 37. The predicate convictions for applying U.S.S.G. § 4B1.1 included a controlled substance conviction of Sims in Hamilton County, Tennessee for felony possession of less than .5 grams of cocaine, an offense under Tennessee state law that included an element of distribution. Sims also had a felony conviction for aggravated assault in Hamilton County. These two prior convictions were predicates for career offender status under U.S.S.G. § 4B1.1.

Paragraph 52 of the PSR states that Sims was indicted by the state grand jury in Hamilton County, Tennessee on a charge of possessing .5 grams or more of cocaine with intent to sell or

2

deliver. Sims pleaded guilty and was convicted on a lesser included offense of possession of less than .5 grams of cocaine, however, this felony conviction still maintains the element of distribution.

Sims had 18 criminal history points which placed him in criminal history category VI. Based on an offense level of 37 with a criminal history category VI, the advisory Guidelines sentencing range was 360 months to life imprisonment.

Counsel for Sims made objections to the PSR, only two of which impacted the computation of the Guidelines sentencing range. Sims objected to being classified as a career offender under U.S.S.G. § 4B1.1. Sims argued that his prior felony drug conviction should not count as a predicate controlled substance offense under U.S.S.G. § 4B1.1 because it was a conviction for mere simple possession that did not involve an element of distribution. The probation officer who prepared the PSR responded that the prior felony conviction in Hamilton County for possession of less than .5 grams of cocaine did contain an element of distribution under Tennessee law and it was properly considered as a predicate controlled substance offense under U.S.S.G. § 4B1.1. Addendum to PSR.

Next, Sims objected to the validity of the enhancement notice filed by the United States pursuant to 21 U.S.C. § 851. Sims argued that the statutory maximum sentence was less than 25 years and his offense level pursuant to U.S.S.G. § 4B1.1(b) should be 32. The probation officer who prepared the PSR responded that although the 21 U.S.C. § 851 notice of enhancement only referenced Count One of the indictment on which Sims was acquitted, Sims received sufficient notice that, if he were convicted on Counts Three and Six, his statutory maximum sentence under 21 U.S.C. § 841(b)(1)(B) was subject to enhancement.

During the sentencing hearing on April 17, 2007, this Court determined that the notice of enhancement pursuant to 21 U.S.C. § 851 was insufficient as to Counts Three and Six. The Court

3

reduced the offense level to 34 resulting in an advisory Guidelines range of 262 - 327 months.

The Court denied the objection to the PSR by Sims challenging his classification as a career offender under U.S.S.G. § 4B1.1. The Court determined that the Class C felony conviction of Sims based on his guilty plea for possession of less than .5 grams of cocaine in violation of Tenn. Code Ann. § 39-17-417 included an element of distribution under Tennessee law, and it was properly considered a predicate offense under § 4B1.1. [Court Doc. No. 122, Transcript of Sentencing Hearing, pp. 10-16]. Sims was correctly sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.

On April 17, 2007, this Court sentenced Sims to be imprisoned for a total term of 262 months at the bottom of the advisory Guidelines range. The sentence consists of 262 months imprisonment on Count Three and 12 months imprisonment on Count Six, to be served concurrently. The judgment of conviction was entered on April 19, 2007. [Court Doc. No. 112].

Sims took a direct appeal to the Sixth Circuit Court of Appeals raising two issues. First, Sims challenged the denial of his motion for new trial with regard to his aiding and abetting conviction on Count Three. Second, Sims argued that the District Court erred by classifying him as a career offender under U.S.S.G. § 4B1.1. The Sixth Circuit rejected both of these arguments. On September 10, 2008, the Sixth Circuit affirmed the judgment of conviction and sentence, and dismissed the appeal. *United States v. Sims*, 291 Fed. Appx. 772 (6th Cir. 2008).

With regard to the second issue raised on direct appeal, the Sixth Circuit stated:

> Sims next contends that the district court erred in classifying him as a career offender under § 4B1.1 of the Guidelines by mischaracterizing one of his prior convictions as a "controlled substance offense." Sims argues that the conviction amounted to nothing more than simple possession. The district court, however, found that this conviction was a controlled-substance offense because it included an intent to distribute.

4

> But because Sims's brief does little more than assert that he is not a career offender, providing this panel with neither supporting reasoning, case law, nor reference to the record, we deem it waived. "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived. *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). Although Sims does quote a portion of the Guidelines, he fails to address the relevant Tennessee statute. Even after the government filed a brief interpreting the Tennessee statute and explaining why Sims's conviction was a controlled-substance offense, Sims did not file a reply brief. Without more, Sims forfeits this argument on appeal.

*Sims*, 291 Fed. Appx. at 775.

Sims did not file a petition for writ of certiorari in the United States Supreme Court.

## II.   Standard of Review Under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct a judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack.

As a threshold standard to relief a § 2255 motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Sims bears the burden of establishing an error of federal constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S.

5

339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

To obtain relief under § 2255 for a nonconstitutional error, Sims must establish either: (1) a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice; or (2) an error so egregious that it amounts to a violation of due process. *Reed*, 512 U.S. at 353-54; *Hill v. United States*, 368 U.S. 424, 428 (1962); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Grant v. United States,* 72 F.3d 503, 505-06 (6th Cir. 1996). Where nonconstitutional issues are at stake, there is no basis for allowing a collateral attack under § 2255 to do service for a direct appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant,* 72 F.3d at 506.

An evidentiary hearing is unnecessary because there are no genuine issues of material fact in dispute and the record conclusively shows that Sims is not entitled to relief under § 2255. An evidentiary hearing is not required where his allegations and claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485 (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Brain v. United States*, 2011 WL 1343344, * 2 (E.D. Tenn. April 8, 2011); *Jones v. United States*, 2010 WL 1882122, * 1 (E.D. Tenn. May 11, 2010).

Sims bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague, conclusory claims which are not substantiated by allegations of specific facts with

some probability of verity are not enough to warrant an evidentiary hearing. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a viable claim cognizable under § 2255 . *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Brain*, 2011 WL 1343344, at * 2; *Jones*, 2010 WL 1882122, at * 2.

The Court finds that Sims has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2255 on any of his claims. Sims has not established an error of federal constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. With regard to his claims of nonconstitutional error, Sims has not established that there was either a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process.

**IV.     Standard of Review on Ineffective Counsel Claims and *Strickland* Test**

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have the right to assistance of counsel for his defense. Ineffective assistance of counsel that violates the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004).

*Strickland* establishes a two-part test for deciding Sixth Amendment claims of ineffective counsel. First, Sims must establish that his attorney's performance was deficient. Second, Sims is required to demonstrate that counsel's deficient performance caused him actual prejudice. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Mason v. Mitchell,*

7

320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000).

The first prong of the *Strickland* test requires Sims to show that his attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline,* 319 F.3d at 819; *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995). The Court's scrutiny of the reasonableness of counsel's performance is highly deferential. Counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by counsel after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed on the investigation. Defense counsel has a duty to make a reasonable investigation under the circumstances or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Sims to show that his attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11

F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of the criminal proceeding unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of counsel was so manifestly deficient that defeat was snatched from the hands of probable victory. *Thelen v. United States*, 131 Fed. Appx. 61, 63 (6th Cir. 2005); *West*, 73 F.3d at 84; *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Sims must show there is a reasonable probability that, but for the errors and deficient performance of counsel, the result in this case would have been different and more favorable to him. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 693-94; *Humphress*, 398 F.3d at 859; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter*, 218 F.3d at 591; *Arredondo*, 178 F.3d at 782; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Court finds that Sims has not met his burden of demonstrating either prong of the *Strickland* test. Sims has not established that his counsel's performance was deficient and fell below an objective standard of reasonableness. Sims fails to show that his counsel's performance caused him to suffer actual prejudice. Sims cannot establish there is a reasonable probability that, but for the alleged deficient performance of his counsel, the result in this case would have been different

9

and more favorable to him.

**IV.    Analysis**

    **A.    First Claim**

Sims claims that his counsel was ineffective at the trial level and on direct appeal for failing to raise an argument that cocaine base (crack) is not explicitly listed in a schedule as constituting a controlled substance under 21 U.S.C. §§ 802(6) and 812.

This claim is frivolous. Cocaine base (crack) is a form of cocaine. Cocaine base (crack) is a compound or mixture containing cocaine. The Sixth Circuit Court of Appeals and this District Court in the Eastern District of Tennessee have held that cocaine base (crack) is included under 21 U.S.C. § 812, Schedule II(a)(4) as a controlled substance. *United States v. Jernigan*, 93 Fed. Appx. 775, 776-77 (6th Cir. 2004); *Akridge v. United States*, 2008 WL 1751527, \*\* 3-4 (E.D. Tenn. April 14, 2008). Numerous other federal courts have reached the same conclusion. S*ee e.g. United States v. Moses*, 15 Fed. Appx. 146, 148 (4th Cir. 2001); *United States v. Manzuetta*, 167 F.3d 92, 93-94 (1st Cir. 1999); *United States v. Sloan*, 97 F.3d 1378, 1381-82 (11th Cir. 1996); *United States v. Deisch*, 20 F.3d 139, 149-52 (5th Cir. 1994); *Hall v. United States*, 2008 WL 2696832, \* 2 (W.D. Mich. July 1, 2008); *Marshall v. United States*, 461 F. Supp.2d 388, 393 (D. Md. 2006); *United States v. White*, 2006 WL 1360165, \* 14 (D. Kan. May 17, 2006), *aff'd,* 584 F.3d 935 (10th Cir. 2009); *United States v. Goode*, 143 F. Supp.2d 817, 821 (E.D. Mich. 2001); *United States v. Cook*, 130 F. Supp.2d 43, 47 (D.D.C. 2000). This is not a close question of law and is not open to reasonable debate.

The Sixth Circuit in *Jernigan*, 93 Fed. Appx. 775, flatly rejected the argument that cocaine base (crack) is not encompassed by Schedule II of the Controlled Substances Act under 21 U.S.C.

10

§ 812, Schedule II(a)(4). The Sixth Circuit issued its opinion in *Jernigan* on March 22, 2004. This criminal case against Sims arose more than two years after *Jernigan*. Sims was indicted on June 13, 2006, and this Court sentenced Sims on April 17, 2007. When Sims was indicted, prosecuted, convicted, and sentenced in this Court, *Jernigan* was the established law in the Sixth Circuit. *Jernigan* remains good law in the Sixth Circuit today. If counsel for Sims had raised this argument, it would have been denied as entirely without merit based on *Jernigan*, 93 Fed. Appx. 775.

Sims cannot meet his burden of demonstrating either prong of the *Strickland* test. In the wake of *Jernigan*, the performance of counsel was objectively reasonable and did not cause Sims actual prejudice. To render effective assistance of counsel under the Sixth Amendment, defense counsel is not required to raise legal arguments that have no merit. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *Brain v. United States*, 2011 WL 1343344, * 11 (E.D. Tenn. April 8, 2011).

### B.  Second Claim

Sims seeks to resurrect the claim that it was error to sentence him as a career offender under U.S.S.G. § 4B1.1. Sims claims that counsel was ineffective during sentencing and on direct appeal by not showing the Tennessee law concerning his Class C felony conviction for possession of less than .5 grams of cocaine in violation of Tenn. Code Ann. § 39-17-417. [Court Doc. No. 155, p. 5].

This claim fails. The claim of sentencing error is without merit. During sentencing counsel for Sims raised an objection and this Court thoroughly reviewed this specific issue. This Court correctly determined that the Class C felony conviction of Sims for possession of less than .5 grams of cocaine in violation of Tenn. Code Ann. § 39-17-417 included an element of distribution under Tennessee law, and it was a predicate offense under U.S.S.G. § 4B1.1. Sims was correctly sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. There is no sentencing error. Counsel

11

Case 1:06-cr-00068-HSM-CHS Document 161 Filed 02/09/12 Page 11 of 18 PageID #: 266

for Sims raised this same issue on direct appeal to the Sixth Circuit and it was denied.

Sims has not met his burden of demonstrating either prong of the *Strickland* test. Because there is no sentencing error, Sims cannot show that the performance of his counsel was unreasonable and caused Sims to suffer actual prejudice. Sims fails to show there is a reasonable probability that, but for the alleged deficient performance of his counsel, the result of the criminal proceeding would have been different and more favorable to him.

Furthermore, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *Timmreck*, 441 U.S. at 784; *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Grant*, 72 F.3d at 506. Sims cannot utilize a § 2255 motion to relitigate this same issue that was presented and decided by the Sixth Circuit Court of Appeals on direct appeal in *Sims*, 291 Fed. Appx. 772. Issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances, e.g. actual innocence or an intervening retroactive change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996); *Brain* , 2011 WL 1343344 at * 1. Sims is not actually innocent and there is no intervening retroactive change in the law.

### C.     Third Claim

Sims claims that his counsel was ineffective at the trial level by failing to conduct an adequate investigation into the type of drug (crack cocaine), the possible Guidelines sentence based on the quantity of crack cocaine, and whether Sims could be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Sims contends that his trial counsel failed to understand the sentencing

12

procedure for career offender status based on 5 grams of crack cocaine. It is further claimed that counsel was ineffective for failing to make a pretrial motion under Fed. R. Crim. P. 12(b) to dismiss the indictment on the ground that there is "no crime" under Title 21, United States Code concerning cocaine base (crack). This last argument is predicated on the flawed theory that cocaine base (crack) is not listed in a schedule as constituting a controlled substance under 21 U.S.C. §§ 802(6) and 812.

All of these Sixth Amendment ineffective assistance of counsel claims are without merit. Sims has not met his burden of establishing either prong of the *Strickland* test. The Court finds that the performance of defense counsel was objectively reasonable and did not cause Sims to suffer actual prejudice. Sims cannot show there is a reasonable probability that, but for the alleged deficient performance of his counsel, the result in this case would have been different and more favorable to him.

The record establishes that counsel made timely objections to the PSR and made effective, competent legal arguments at the sentencing hearing. Counsel for Sims had a good understanding of the proper application of the career offender provision in U.S.S.G. § 4B1.1. The mere fact that this Court ruled against Sims on the issue whether he should be sentenced as a career offender under U.S.S.G. § 4B1.1 does not mean that counsel's performance was deficient and unreasonable. Based on the facts and the applicable law, the government correctly prevailed and Sims lost on the issue whether he should be sentenced under U.S.S.G. § 4B1.1 as a career offender. Counsel for Sims also unsuccessfully raised this issue on direct appeal in the Sixth Circuit Court of Appeals.

Furthermore, defense counsel was not ineffective by not making a Fed. R. Crim. P. 12(b) pretrial motion to dismiss the indictment based on the frivolous argument that there is no crime under Title 21, United States Code concerning cocaine base (crack). As discussed *supra*, the Court

13

rejects the argument by Sims that cocaine base (crack) is not listed in a schedule as constituting a controlled substance under 21 U.S.C. §§ 802(6) and 812. *Jernigan*, 93 Fed. Appx. at 776-77; *Akridge*, 2008 WL 1751527, at ** 3-4. When defense counsel does not raise an argument or issue that has no merit, it does not constitute ineffective assistance of counsel under the Sixth Amendment. *Mapes*, 171 F.3d at 427; *Brain*, 2011 WL 1343344, at * 11.

### D. Fourth Claim

Sims claims there was a sentencing error in calculating his Guidelines range as a career offender. Sims claims that his counsel was ineffective during sentencing and on direct appeal by failing to raise an argument or objection concerning the alleged sentencing error. It is argued that his base offense level should have been 26 under U.S.S.G. § 2D1.1 based on 5 grams of crack cocaine and this would have resulted in an advisory Guidelines range of 120 - 150 months imprisonment. Sims further argues that the statutory maximum sentence is 150 months and, applying U.S.S.G. § 4B1.1(b)(E), his base offense level should have been 24. Sims contends that his Guidelines range should have been calculated as 120 - 150 months, even as a career offender.

This claim fails and must be dismissed. The bottom line is that there is no sentencing error in his case. The unusual method of calculating the Guidelines range advocated here by Sims is incorrect. For purposes of applying the career offender provision under U.S.S.G. § 4B1.1 in drug trafficking cases to calculate the offense level and Guidelines range, the statutory maximum sentences prescribed in 21 U.S.C. § 841(b) drive the calculation of the offense level. *United States v. Michael,* 56 F.3d 323, 327 (6th Cir. 2009). The statutory maximum sentence for Sims under 21 U.S.C. § 841(b)(1)(B) is 40 years. This resulted in an offense level of 34 for career offender Sims pursuant to U.S.S.G. § 4B1.1(b). In sum, there is no sentencing error as claimed by Sims and the

14

Court rejects the improper alternative method of calculating his offense level.

Moreover, Sims did not raise this claim of nonconstitutional sentencing error on direct appeal to the Sixth Circuit Court of Appeals. The claim has been waived and cannot be raised under 28 U.S.C. § 2255. Generally, such sentencing challenges must be made on direct appeal or they are waived and cannot be raised for the first time in a § 2255 motion. *Weinberger*, 268 F.3d at 351; *Grant,* 72 F.3d at 505-06. Claims of sentencing error based on mistakes in the application of the Sentencing Guidelines rarely, if ever, warrant relief from the consequences of waiver under § 2255. *Grant,* 72 F.3d at 506.

The claim by Sims of nonconstitutional sentencing error based on the alleged misapplication of the Guidelines has been waived and cannot be raised in his § 2255 motion unless he can show an error so egregious that it amounts to a violation of due process. *Jones*, 178 F.3d at 796; *Grant,* 72 F.3d at 506. This he cannot do because there is no sentencing error. The Court finds that Sims has not demonstrated a sentencing error so egregious that it amounts to a violation of due process.

In an effort to overcome the waiver, Sims alleges ineffective assistance of counsel. Relief from a waiver may be available under 28 U.S.C. § 2255 if Sims can demonstrate a violation of his Sixth Amendment right to effective assistance of counsel. A claim of nonconstitutional sentencing guideline error can be reviewed for the first time under § 2255 if it has been waived or forfeited by the lack of a direct appeal due to ineffective assistance of counsel. *Weinberger*, 268 F.3d at 351; *Grant*, 72 F.3d at 506.

Sims has not met his burden of demonstrating either prong of the *Strickland* test. Sims cannot show that the waiver by not raising this frivolous claim of sentencing error on direct appeal was caused by ineffective assistance of counsel. The performance of his counsel was reasonable and

15

did not cause him to suffer actual prejudice. There was no viable ground for a direct appeal on this particular issue because there is no sentencing error. Sims cannot show there is a reasonable probability that, if his counsel had raised such an argument during sentencing and on direct appeal, the result of the criminal proceeding would have been different and more favorable to him. If counsel had raised this claim of sentencing error, it would have been summarily denied as frivolous. Counsel is not ineffective for "failing" to raise a meritless argument. *Mapes*, 171 F.3d at 427; *Brain*, 2011 WL 1343344, at * 11.

### E. Fifth Claim

Relying on *Kimbrough v. United States*, 552 U.S. 85 (2007) and *United States v. Booker*, 543 U.S. 220 (2005), Sims claims that his counsel was ineffective for failing to raise an argument that the Guidelines range of 262 - 327 months was advisory, including the career offender provision under U.S.S.G. § 4B1.1, as well as any impact on the advisory range due to the type of drug (crack cocaine) and the quantity of crack cocaine.

This claim fails. Sims has not met his burden of demonstrating either prong of the *Strickland* test. Sims cannot show that the performance of his counsel was unreasonable and caused him actual prejudice. Sims fails to show there is a reasonable probability that, but for his counsel's performance, the result of the criminal proceeding would have been more favorable to him. When it sentenced Sims on April 17, 2007, this Court was fully aware of the Supreme Court's decisions in *Kimbrough* and *Booker*, and aware that the Sentencing Guidelines are advisory. It was unnecessary for defense counsel to remind the Court about this.

A district court is free to disagree with the policies expressed in the Guidelines concerning crack cocaine offenses, not only as reflected in U.S.S.G. § 2D1.1, but also as reflected in the career

16

offender provisions in U.S.S.G. § 4B1.1. *United States v. Michael*, 576 F.3d 323, 327-28 (6th Cir. 2009). A district court is not required to expressly discuss or affirmatively recognize the advisory nature of the Guidelines sentencing range as applied to crack cocaine cases. *Id.*; *see also United States v. Marrero*, 651 F.3d 453, 475 (6th Cir. 2011).

In *Michael,* the Sixth Circuit on direct appeal affirmed a sentence in a crack cocaine case where the district court selected the sentence that it found to be appropriate, regardless of the advisory Guidelines range. *Michael*, 576 F.3d at 323. Likewise, in the present case this Court selected the sentence for Sims that it determined was appropriate taking into consideration the relevant factors under 18 U.S.C. § 3553(a) in light of his extensive criminal history and unique offender characteristics. This Court considered the Guidelines range of 262 - 327 months to be advisory. Based on all of the facts and circumstances in this case, the Court properly exercised it discretion and authority to impose a sentence of 262 months at the bottom of the advisory Guidelines range. There is no procedural deficiency in the imposition of sentence because this Court did not consider the advisory Guidelines range of 262 - 327 months to be mandatory. *Marrero*, 651 F.3d at 475. There is no ineffective assistance of counsel as a result of counsel's claimed failure to argue during sentencing that the Court should consider the Guidelines range to be advisory.

## V.     Conclusion

The motion by federal prisoner Deon Terrell Sims for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court Doc. No. 145] is **DENIED and DISMISSED WITH PREJUDICE**. The motion by Sims for an evidentiary hearing [Court Doc. No. 156] is **DENIED**.

If Sims files a notice of appeal, it will be treated as an application for a certificate of appealability which is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b)

17

Case 1:06-cr-00068-HSM-CHS   Document 161   Filed 02/09/12   Page 17 of 18   PageID #: 272

because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal from this judgment by Sims would be frivolous and not taken in good faith.

A separate judgment will be entered.

SO ORDERED.

ENTERED: February 9, 2012.

                 */s/ R. Allan Edgar*
                R. ALLAN EDGAR
          UNITED STATES DISTRICT JUDGE